IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERESSA LAFOLLETTE<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JEFFERSON REGIONAL MEDICAL CENTER d/b/a JEFFERSON HOSPITAL and ALLEGHENY HEALTH NETWORK,<br><br>　　　　　Defendants. | Civil Action No. 2:22-cv-477 |

## NOTICE OF REMOVAL

Defendants Jefferson Regional Medical Center and Allegheny Health Network (collectively "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, files this NOTICE OF REMOVAL of this action from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division. In support of this removal, Defendants state as follows:

## BACKGROUND

1. Plaintiff Teressa LaFollette ("Plaintiff") initiated a civil action by filing a Complaint in Civil Action in the Court of Common Pleas of Allegheny County, Pennsylvania ("Common Pleas Court") on March 1, 2022. That action appears by the same title as above and is docketed in the Common Pleas Court as Civil Acton No. GD-21-009680 ("State Court Action").

2. The Complaint is the initial pleading containing Plaintiff's asserted claims for relief upon which the State Court Action is based. The causes of action set forth in the Complaint include: (i) alleged violations of the federal Age Discrimination in Employment Act of 1967

("ADEA"); (ii) alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"); and (iii) alleged violations of the Pennsylvania Human Relations Act ("PHRA").

3. On March 1, 2022, the Complaint was delivered via email to Defendants. Pursuant to 28 U.S.C § 1446(b), Defendants timely file this Notice of Removal within 30 days after receipt of the Complaint.

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as **Exhibit A**. True and correct copies all other prior pleadings in the State Court Action and a current state court docket are attached hereto as **Exhibit B**.

## JURISDICTION

5. This Court has original (federal question) jurisdiction over this civil action under 28 U.S.C. § 1331 because the State Court Action is based on claims arising under federal law – namely, Title VII and the ADEA.

6. This Court should exercise supplemental jurisdiction over Plaintiff's state law claim under the PHRA, pursuant to 28 U.S.C. 1367(a), given that Plaintiff's state law claims are of a similar nature as the federal law claims – namely, claims of sex discrimination, age discrimination, and retaliation – and based on the same factual allegations in the Complaint, and, therefore: (i) Plaintiff's federal claims, which are at the heart of the Complaint, have "substance sufficient to confer subject matter jurisdiction" on this Court; (ii) Plaintiff's federal claims and state claims "derive from a common nucleus of operate facts"; and (iii) the nature of Plaintiff's claims are such that she would "ordinarily be expected to try them all in one judicial proceeding." *See Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)) (describing the three-part test); *see also, e.g., Ferraraccio v. Guardian Home &*

*Cmty. Servs.*, 2015 U.S. Dist. LEXIS 14599, at * 2 (W.D. Pa. Feb. 6, 2015) (exercising supplemental jurisdiction over a Pennsylvania Human Relations Act claim).

7. Accordingly, this entire civil action can be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (c).

## PROCEDURAL REQUIREMENTS

8. Venue is proper in the U.S. District Court for the Western District of Pennsylvania, Pittsburgh Division, because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 118(c); 28 U.S.C. § 1441(a).

9. Pursuant to 28 U.S.C. § 1446(d), Defendants are serving this Notice of Removal on Plaintiff's Counsel and filing it with the Director of Court Records for the Court of Common Pleas of Allegheny County.

10. By removing this action, Defendants do not admit any of the allegations in the Complaint. Indeed, Defendants expressly deny all claims of liability and damages asserted in the Complaint.

11. This removal is made without waiver of any defense or affirmative defenses including those provided under Fed. R. Civ. P. 12, or Defendants' right to move for dismissal, on substantive or procedural grounds, of any cause of action asserted in the Complaint.

**WHEREFORE**, Defendants hereby remove this civil action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania. No further proceedings shall take place in the Common Pleas Court.

- 4 -

<table>
<tr><td>Dated: March 21, 2022</td><td>Respectfully submitted,</td></tr>
</table>

Reed Smith LLP

*/s/ James A. Holt*
James A. Holt (PA 314350)
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA  15222
T:  (412) 288-4173
F:  (412) 288-3063
E:  jholt@reedsmith.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on March 21, 2022, a true and correct copy of the foregoing *Notice of Removal* was served on counsel for Plaintiff by email (upon agreement by counsel to accept service by electronic means):

>John Stember
>Maureen Davidson-Willing
>STEMBER COHEN & DAVIDSON-WELLING, LLC
>The Hartley Rose Building
>425 First Avenue, 7th Floor
>Email:  jstember@stembercohen.com
>            mdavidsonwelling@stembercohn.com

>*/s/ James A. Holt*
>James A. Holt
>*Counsel for Defendants*